**EXHIBIT "1"**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2011-1924c/w
      2011-2674
      2011-2677
      2011-5897
      2011-5698

DIVISION "M-13"

CIVIL
DISTRICT COURT

JOHN DOE AND JANE DOE

**VERSUS**

UNIVERSITY HEALTHCARE SYSTEM, L.L.C.
d/b/a TULANE UNIVERSITY MEDICAL CENTER
AND CLINIC AND INDEMNITY CLINIC

FILED: _____

_____
DEPUTY CLERK

### SUPPLEMENTAL AND AMENDING
### CLASS ACTION PETITION FOR DAMAGES

The Supplemental and Amending Class Action Petition for Damages of John Doe and Jane Doe, husband and wife, individually and on behalf of all persons similarly situated, through undersigned counsel, respectfully represents:

1.

Petitioners both are of the full age of majority and are residents of and domiciled in the Parish of Jefferson, State of Louisiana.

2.

In order to preserve and protect petitioners' privacy due to the nature of the harm that they have endured, the instant Supplemental and Amending Class Action Petition for Damages is being filed under the fictitious names of John Doe and Jane Doe.

3.

Defendant, University Healthcare System, L.C., d/b/a Tulane University Hospital and Clinic and Tulane Medical Center (hereinafter "Tulane Medical Center"), is a limited liability company domiciled and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

4.

Defendant, Health Care Indemnity, Inc., is a corporation domiciled and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

4

5.

Defendant, General Electric Company, through its GE Healthcare Division (hereinafter "GE Healthcare"), is a foreign corporation authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

6.

Venue is proper in this judicial district pursuant to Louisiana Code of Civil Procedure Articles 74 and 76, as the tortious conduct at issue occurred in Orleans Parish, Louisiana at the facilities of Tulane Medical Center.

7.

Defendants, Tulane Medical Center, Health Care Indemnity, Inc. and GE Healthcare, are indebted unto Petitioners and all persons similarly situated, jointly, severally and *in solido*, for all sums as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief as may be afforded by this Honorable Court, for the following reasons:

8.

On or about November 19, 2010, John Doe presented to Tulane University Hospital and Clinic and underwent a colonoscopy.

9.

Endoscopy procedures, such as colonoscopies, sigmoidoscopies, and upper endoscopies of the stomach (EGD procedures), require utilization of a medical device known as an endoscope.

10.

Upon information and belief, and all times pertinent hereto, Tulane Medical Center and/or its authorized representative contracted with and/or retained GE Healthcare to maintain, service, and/or repair its endoscopic equipment and devices.

11.

On or about January 3, 2011, Tulane Medical Center sent a letter to patients who had undergone endoscopy procedures at Tulane University Hospital and Clinic between October 7, 2010 and December 1, 2011 stating:

> "Tulane Medical Center routinely follows a five-step procedure in processing endoscopes for use. Recently, during a routine maintenance inspection, we found that one of several steps used in disinfecting endoscopes for procedures conducted between October 7 and December 1, 2010 at our downtown facility

5

> was not being performed at the appropriate temperature as recommended by
> the manufacturer..."

The letter additionally recommended that these patients present for screening for HIV, Hepatitis B, and Hepatitis C.

12.

Upon information and belief, Defendants, Tulane Medical Center and/or GE Healthcare, failed to properly sterilize the endoscope that was utilized in Petitioner's colonoscopy, thereby exposing him to infectious diseases, namely HIV, Hepatitis B, and Hepatitis C.

13.

Defendants, Tulane Medical Center and GE Healthcare, are liable unto Petitioners and all persons similarly situated pursuant to Articles 2315 and 2316 of the Louisiana Civil Code because the injuries and damages of Petitioners, which will be specified hereinafter, and of all persons similarly situated were proximately and legally caused by the fault, including negligence, of defendants, Tulane Medical Center and GE Healthcare, and their officers, agents, employees, and those for whom they are legally responsible including the following negligent acts of omission and commission, among others, which may be shown during the trial hereof:

a.     Exposing Petitioners and all persons similarly situated to infectious diseases, namely, HIV, Hepatitis B and Hepatitis C;

b.     Failing to properly maintain the endoscope used on Petitioner, John Doe, and all other endoscopic equipment and devices at Tulane University Hospital and Clinic;

c.     Failing to properly disinfect the endoscope used on Petitioner, John Doe, and all other endoscopic equipment and devices at Tulane University Hospital and Clinic;

d.     Failing to perform the disinfecting of the endoscope used on Petitioner, John Doe, and all other endoscopic equipment and devices at Tulane University Hospital and Clinic at the appropriate temperature as recommended by the manufacturer.

14.

Tulane Medical Center is also responsible to Petitioners for their injuries and damages pursuant to Article 2317 of the Louisiana Civil Code because, upon information and belief, at all times pertinent hereto this Defendant had custody and/or control of the aforesaid endoscope located on the campus of Tulane Medical Center and, thus, had "garde" of this endoscopic device, Petitioners' damages were caused by a defect and unreasonable dangerous condition in that endoscope, Defendant knew or, in the exercise of reasonable care, should have known of the

defect and unreasonably safe condition in that endoscope which caused the damages to Petitioners, Petitioners' damages could have been prevented by the exercise of reasonable care, ad Defendant failed to exercise such reasonable care.

15.

Defendants, Tulane Medical Center and GE Healthcare, are additionally liable unto Petitioner, Jane Doe, for exposure to infectious diseases, namely, HIV, Hepatitis B, and Hepatitis C, for the couple had marital relations before learning of John Doe's exposure to said infectious diseases.

16.

In addition to the above, and in the alternative thereto, the injuries, offenses, and damages suffered by Petitioners were caused by acts and omissions of Tulane Medical Center and GE Healthcare which may be beyond proof by Petitioners herein; however, because the aforesaid endoscope was, at all times pertinent, within the exclusive control of the Defendants, there is no other possible conclusion than that Petitioners' damages resulted from the negligence of Defendants. Accordingnly, Petitioners plead the doctrine of *res ipsa loquitor*.

17.

The conduct of Defendants, Tulane Medical Center and GE Healthcre, directly and/or proximately caused Petitioner, John Doe, to suffer severe and painful personal injuries and damages, which presently include, but are not limited to:

a.     Keen mental anguish, embarrassment, humiliation, and emotional distress;

b.     Reasonable fear and fright associated with contracting infectious diseases;

c.     The need for medical monitoring;

d.     Past medical expenses;

e.     Future medical expenses;

f.     Loss of enjoyment of life; and

g.     All other elements of damages and injuries, as may be shown at the trial of this matter.

18.

The conduct of Defendants, Tulane Medical Center and GE Healthcare, directly and/or proximately caused Petitioner, Jane Doe, to suffer severe and painful personal injuries and damages, which presently include, but are not limited to:

7

    a.  Keen mental anguish, embarrassment, humiliation, and emotional distress;

    b.  Reasonable fear and fright associated with contracting infectious diseases;

    c.  The need for medical monitoring;

    d.  Past medical expenses;

    e.  Future medical expenses;

    f.  Loss of enjoyment of life; and

    g.  All other elements of damages and injuries, as may be shown at the trial of this matter.

19.

Petitioners are entitled to have this cause maintained as a class action pursuant to Louisiana Code of Civil Procedure Article 591, et seq., for the following reasons:

    a.   The persons or entities constituting the class are so numerous that the individual joinder of all parties is impracticable;

    b.   There are common questions and issues of law and fact involved in this matter which predominate over questions affecting individual class members;

    c.   There exists a common character among the rights sought to be enforced on behalf of the class among the named class representatives and the unnamed members of the class;

    d.   The named Petitioners or representatives of the class are all members of the class and are so situated as to provide adequate representation for the unnamed class members;

    e.   The claims of the representative parties are typical of the claims of the class members they seek to represent;

    f.   The class may be defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this case;

    g.   The great majority of the unnamed class members have no substantial interest in individually controlling the prosecution of their separate actions;

    h.   The prosecution of separate actions by individual members will create a serious risk of inconsistent or varying adjudications, which may prejudicially affect the claims of other class members in subsequent litigation;

8

i.     The prosecution of separate actions by individual members of the class will create a serious risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class;

j.     The prosecution of separate actions by the individual class members poses the risk that separate adjudications concerning individual claimants would not be entirely dispositive of the interests of class members not parties to the litigation, or would otherwise substantially impair or impede the ability of the class members to protect their interests;

k.     Any defenses or theories of resistance to liability propounded by the Defendant would be applicable to all claims presented by the members of the class;

l.     The class action is a superior procedural vehicle for this litigation because the primary objectives of the class action (economies of time, effort and expense) will be achieved principally in a single forum where practically all witnesses, class members, and properties are located, and where the identity of the main issues of liability and all claims lends to a prompt, efficient and relatively inexpensive trial;

m.     The majority of the class members have neither the resources nor the interest in maintaining or controlling the litigation brought on their behalf in separate suits;

n.     There may be some difficulty in identifying all members of the class, even though the class is adequately identified, thus the unnamed class members may be afforded no protection or relief if it were not for the procedural vehicle of a class action;

o.     Through class action procedure, the case may be more easily managed than some other procedural vehicles because the court may issue orders appropriate for the efficient management of the case, including the implementation of case management plans, and provide for class-wide notice to the absent class members of the proceedings; and,

p.     The class action vehicle would best insure procedural fairness to the class members in that its utilization would avoid prejudicial or inconsistent precedence of claims adjudicated.

9

20.

Petitioners are seriously affected by their injuries, losses, and damages, which are not substantially, different from the injuries, losses, and damages of other members of their representative class. Furthermore, Petitioners will fully and adequately protect the interests of the other members of their class.

21.

Upon information and belief, and all times pertinent hereto, Defendant, Health Care Indemnity, Inc. had in full force and effect a policy or policies of liability insurance coverage insuring Defendant, Tulane Medical Center, and applicable to the persons, matters, things, entities, acts, and omissions involved in this lawsuit and, as such, Health Care Indemnity, Inc. is being sued directly pursuant to Louisiana Revised Statutes, Title 22, Section 655.

22.

Petitioners are entitled to, and request, a trial by jury.

**WHEREFORE**, Petitioners, John Doe and Jane Doe, individually and on behalf of all persons similarly situated, pray that Defendants, Tulane Medical Center, Health Care Indemnity, Inc. and General Electric Company, through its GE Healthcare Division, be served with a copy of this Supplemental and Amending Class Action Petition for Damages and that, after due proceedings, there be judgment herein in favor of Petitioners and all persons similarly situated and against Defendants for all damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, including attorney's fees, for all general and equitable relief, and for trial by jury.

**Respectfully submitted,**

**AUSTIN & ASSOCIATES, L.L.C.**

**RON A. AUSTIN (Bar No. 23630)**
**JEFFREY P. GREEN (Bar No. 30531)**
400 Manhattan Boulevard
Harvey, LA 70058
Ph: 504-227-8100
Fax: 504-227-8122
Attorneys for Plaintiffs, John Doe and Jane Doe

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served upon counsel of

Record through the United States mail, properly addressed, postage prepaid, and/or by

hand delivery, and/or facsimile on the 25th day of August, 2011;

_____
**JEFFREY P. GREEN**

**PLEASE SERVE:**

**University Healthcare System, L.C.**
**d/b/a Tulane University Hospital and Clinic**
Through its attorney of record:
Peter E. Sperling
Nairda T. Colon
James P. Waldron
Frilot, L.L.C.
3700 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3700

**Health Care Indemnity, Inc.**
Through its Agent for Service or Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**General Electric Company through its GE Healthcare Division**
Through its agent for service of process:
C. T. Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

Z:\DATA\PCLawDocs\Active\01014\Tulane Case-01014-001\Pleadings\Unopposed Motion File Supp n Amending Class Action Petition Damages_dap.doc

**EXHIBIT "2"**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through August 19, 2011.

Selected Entity Name: GENERAL ELECTRIC COMPANY
Selected Entity Status Information

**Current Entity Name:**  GENERAL ELECTRIC COMPANY
**Initial DOS Filing Date:**
**County:**  SCHENECTADY
**Jurisdiction:**  NEW YORK
**Entity Type:**  DOMESTIC BUSINESS CORPORATION
**Current Entity Status:**  ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
GENERAL ELECTRIC COMPANY
3135 EASTON TPKE
FAIRFIELD, CONNECTICUT, 06828

**Chairman or Chief Executive Officer**
JEFFREY R IMMELT
3135 EASTON TPKE
FAIRFIELD, CONNECTICUT, 06828

**Principal Executive Office**
GENERAL ELECTRIC COMPANY
3135 EASTON TURNPIKE
FAIRFIELD, CONNECTICUT, 06828

**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not

recorded and only available by viewing the
certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 50000000 | Par Value | 1 |
| 6100000000 | Par Value | .06 |
| 6100000000 | Par Value | .06 |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| | Actual | GENERAL ELECTRIC COMPANY |

A Fictitious name must be used when the Actual name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational Identification numbers.

Search Results          New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

Commercial Recording Division                                          Page 1 of 1

## Business Inquiry                                                  🏠 HOME   ❓ HELP

### Business Inquiry Details

| | | | |
|---|---|---|---|
| Business Name: | **GENERAL ELECTRIC COMPANY** | Business Id: | **0085161** |
| Business Address: | **3135 EASTON TURNPIKE, FAIRFIELD, CT, 06431** | Mailing Address: | **M E BUCHANAN, P O BOX 2216, SCHENECTADY, NY, 12301-2216** |
| Citizenship/State Inc: | **Foreign/NY** | Last Report Year: | **2011** |
| Business Type: | **Stock** | Business Status: | **Active** |
| Date Inc/Register: | **Jan 17, 1912** | | |

### Principals

| Name/Title: | Business Address: | Residence Address: |
|---|---|---|
| BRACKETT B. DENNISTON III SECRETARY | 3135 EASTON TURNPIKE, FAIRFIELD, CT, 06828 | 1081 HILLSIDE RD, FAIRFIELD, CT, 06430 |
| JOHN M. SAMUELS VICE PRESIDENT | 3135 EASTON TURNPIKE, FAIRFIELD, CT, 06828 | 270 OLD CHURCH RD, GREENWICH, CT, 06830 |
| KEITH S. SHERIN EXECUTIVE OFFICER | 3135 EASTON TURNPIKE, FAIRFIELD, CT, 06828 | 20875 BARTLETT DRIVE, BROOKFIELD, WI, 53045 |

### Business Summary

| | |
|---|---|
| Agent Name: | **C T CORPORATION SYSTEM** |
| Agent Business Address: | **ONE CORPORATE CENTER, FLOOR 11, HARTFORD, CT, 06103-3220** |
| Agent Residence Address: | **NONE** |

View Filing History          View Name History          View Shares

[ Back ]

.

**EXHIBIT "3"**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2011-1924 c/w            DIVISION "M"            SECTION: 13
      2011-2674
      2011-2677
      2011-5897
      2011-6598
      2011-7453
      2011-8433

JOHN DOE AND JANE DOE

VERSUS

UNIVERSITY HEALTHCARE SYSTEM, L.L.C. d/b/a TULANE
UNIVERSITY MEDICAL CENTER AND CLINIC AND INDEMNITY CLINIC

FILED:_____        _____
                             DEPUTY CLERK

## NOTICE OF INTENTION TO FILE FOR SUPERVISORY WRIT

TO:   The Honorable Paulette R. Irons
      Judge, Division "M", Section "13"
      Civil District Court
      Parish of Orleans
      303 Civil Courts Building
      421 Loyola Avenue
      New Orleans, LA 70112

      Ron A. Austin, Esq.
      Austin & Associates, L.L.C.
      400 Manhattan Blvd.
      Harvey, LA 70058
      Phone: (504) 227-8100
      Fax: (504) 227-8122

      Robert J. David
      Irving J. Warshauer, Esq.
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      1100 Poydras St., Suite 2800
      New Orleans, LA 70163
      Phone: (504) 522-2304
      Fax: (504) 528-9973

      Darleen M. Jacobs, Esq.
      823 St. Louis Street
      New Orleans, LA 70112
      Phone: (504) 522-0155
      Fax: (504) 522-3819

      Raul R. Bencomo, Esq.
      Bencomo & Associates
      639 Loyola Ave., Suite 2110
      New Orleans, LA 70113
      Phone: (504) 529-2929
      Fax: (504) 529-2018

Thomas A. Gennusa, II, Esq.
Gennusa, Piacun & Ruli
4405 N. I-10 Service Road, Suite 200
Metairie, LA 70006-6564
Phone:  (504) 455-0442
Fax: (504) 455-7565

Kara Hadican Samuels, Esq.
Sangisetty and Samuels, LLC
610 Baronne Street, Third Floor
New Orleans, LA  70113
Telephone: (504) 558-9478
Fax: (504) 558-9482

Joseph M. Bruno, Esq.
Melissa A. DeBarbieris, Esq.
Bruno & Bruno, LLP
855 Baronne Street
New Orleans,  LA 70113
Phone: (504) 525-1335
Fax: (504) 561-6775

Anthony D. Irpino, Esq.
Louise C. Higgins, Esq.
2216 Magazine Street
New Orleans,  LA  70130
Phone: (504) 525-1500
Fax: (504) 525-1501

In accordance with Rule 4-2 of the Uniform Rules of Louisiana Courts of Appeal, you are

hereby notified of the intention of University Healthcare System, L.C. d/b/a Tulane University

Hospital and Clinic, defendant herein, to apply to the Court of Appeal, Fourth Circuit, State of

Louisiana, for Supervisory Writs from the September 1, 2011, ruling of this Honorable Court on

Defendant's Exception of Prematurity.

Respectfully submitted,

FRILOT L.L.C.

PETER E. SPERLING (Bar No. 17812)
NAIRDA T. COLÓN (Bar No. 25003)
JAMES P. WALDRON (Bar No. 28797)
3700 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-3700
Telephone: (504) 599-8358
Fax: (504) 619-4980
E-Mail: jwaldron@frilot.com
Attorneys for University Healthcare System, L.C.
d/b/a Tulane University Hospital and Clinic

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have forwarded a copy of the foregoing pleading to all counsel of record by United States Mail, properly addressed and postage prepaid, this 20th day of

September_____, 2011.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2011-1924 c/w          DIVISION "M"          SECTION: 13
    2011-2674
    2011-2677
    2011-5897
    2011-6598
    2011-7453
    2011-8433

JOHN DOE AND JANE DOE

VERSUS

UNIVERSITY HEALTHCARE SYSTEM, L.L.C. d/b/a TULANE
UNIVERSITY MEDICAL CENTER AND CLINIC AND INDEMNITY CLINIC

FILED: _____

                         **DEPUTY CLERK**

### O R D E R

Considering the foregoing, **Notice of Intention to Apply for Supervisory Writs;**

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** that University

Healthcare System, L.C. d/b/a Tulane University Hospital and Clinic, defendant herein, is given

30 days from this Court's judgment on defendant's Exception of Prematurity or until the

_22_ day of _October_, 2011 to file its writ application with the Fourth Circuit

Court of Appeal on this Court's ruling.

                    **SEP 2 1 2011**

New Orleans, Louisiana, this _21_ day of _____, 2011.

                  **(Sgd) Paulette R. Irons**

           J U D G E



**EXHIBIT "4"**

Division Of Administration
Bobby Jindal
Governor



**PATIENT'S COMPENSATION FUND**

P.O. BOX 3718
BATON ROUGE, LA 70821
225-382-5400
1-866-469-9566



TULANE UNIVERSITY HOSPITAL & CLINIC
UNIV. HEALTHCARE SYSTEM, L.C.
1415 Tulane Avenue, (HC-21)
NEW ORLEANS, LA 70112

The above-named Health Care Provider is hereby certified as an Enrollee under La. R.S.40:1299:41 et seq., with effective dates as follows.

| Enrollment Period | Company | Coverage Type | Class | Specialty |
|---|---|---|---|---|
| 1/1/2010-1/1/2011 | HEALTH CARE INDEMNITY, INC. | Occurrence | HOSP | HOSPITAL |

It is further certified that professional liability coverage for ONE HUNDRED THOUSAND ($100,000.00) dollars through the above named insurance company, acknowledges primary responsibility for the indicated period(s).

It is further acknowledged that surcharges for excess coverage are paid for the indicated period(s).

This certificate verifies the type of coverage and payment to the Patient's Compensation Fund; however, qualification for a medical review panel can only be determined at the time the request is filed.

Date: **June 2, 2011**

_Jacklaine Osloane_

LOUISIANA PATIENT'S COMPENSATION FUND

An Equal Opportunity Employer
www.doa.louisiana.gov/pcf

**EXHIBIT "5"**

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.   2011-1924c/w                                    DIVISION "M-13"
2011-2674
2011-2677
2011-5897
20115698                           DISTRICT COURT

### JOHN DOE AND JANE DOE

### VERSUS

### UNIVERSITY HEALTHCARE SYSTEM, L.L.C.
### d/b/a TULANE UNIVERSITY MEDICAL CENTER
### AND CLINIC AND INDEMNITY CLINIC

FILED: _____          _____
                                          **DEPUTY CLERK**

### O R D E R

Considering the above and foregoing unopposed motion,

**IT IS ORDERED** that the Supplemental and Amending Class Action Petition for

Damages of Petitioners, John Doe and Jane Doe, be filed.

New Orleans, Louisiana, this _O 7 7th_ day of ___SEP 06 2011___, 2011.

_[signature]_

JUDGE, DIVISION "M-13"

ENTERED ON MINUTES

SEP 0 8 2011

3

**EXHBIT "6"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOHN DOE AND JANE DOE,** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | **NO. _____** |
| **VERSUS** | * | **SECTION _____** |
| **UNIVERSITY HEALTHCARE SYSTEM, L.L.C. D/B/A TULANE UNIVERSITY HOSPITAL AND CLINIC AND TULANE MEDICAL CENTER, HEALTH CARE INDEMNITY, INC., and GENERAL ELECTRIC COMPANY, THROUGH ITS GE HEALTHCARE DIVISION,** | * | **MAGISTRATE _____** |
| **Defendants.** | * | |

### LIST OF PARTIES AND COUNSEL OF RECORD IN THE STATE ACTION

The following is a list of parties and their counsel in the state court proceedings entitled *John Doe and Jane Doe v. University Healthcare System, L.L.C., d/b/a Tulane University Medical Center and Clinic and Indemnity Clinic,* Civil Action No. 2011-1924, Division "M-13" c/w 2011-2674, 2011-2677, 2011-5897, 2011-6598, 2011-7453:

Parties:

John Doe, a plaintiff

Jane Doe, a plaintiff

University Health Care System, L.C.
d/b/a Tulane University Hospital and Clinic
and Tulane Medical Center, a defendant

Health Care Indemnity, Inc., a defendant

General Electric Company,
Through its GE Healthcare Division, a defendant

<u>Counsel</u>

Ron A. Austin
Jeffery P. Green
Austin & Associates, L.L.C.
400 Manhattan Blvd.
Harvey, LA 70058
Telephone:  504-227-8100
Facsimile:  504-227-8122
**Attorneys for Plaintiffs**

Peter E. Sperling
James P. Waldron
Frilot L.L.C.
1100 Poydras St., Suite 3700
New Orleans, LA  70163
Telephone: 504-599-8000
Direct Dial: 504-599-8015
Facsimile: 504-599-8100
psperling@frilot.com
**Attorneys for University Health Care System, L.L.C.**
**d/b/a Tulane University Hospital and Clinic**
**and Tulane Medical Center**

Charles H. Abbott
Byron D. Kitchens
Ryan C. Wallis
Cotten Schmidt & Abbott, L.L.P.
650 Poydras St., Suite 2810
New Orleans, LA  70130
Telephone: 504-568-9393
Facsimile: 504-524-1933
cabbott@csa-lawfirm.com
bkitchens@csa-lawfirm.com
rwallis@csa-lawfirm.com
**Attorneys for General Electric Company**

Health Care Indemnity, Inc.
Attorney representation unknown at this time


Respectfully Submitted,

**COTTEN SCHMIDT & ABBOTT, L.L.P.**


s/Charles H. Abbott
**CHARLES H. ABBOTT**          (La.  Bar No. 27930)
**BYRON D. KITCHENS**        (La. Bar No. 25129)
**RYAN C. WALLIS**            (La. Bar No. 28259)
650 Poydras Street, Suite 2810
New Orleans, Louisiana  70130
Telephone:  504/568-9393
Facsimile:   504/524-1933
**Counsel for General Electric Company**

3